IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JACKIE BRAZELL,

  Plaintiff,

vs.          No. 08-2324-An/P

SHELBY COUNTY, et al.,

  Defendants.

---

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

  On May 27, 2008, Plaintiff Jackie Brazell, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-701. Plaintiff paid the civil filing fee. The Clerk shall record the defendants as Shelby County, Shelby County Mayor A C Wharton, and Shelby County Assessor Rita Clark.

  According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

Defendant Wharton is sued only in his official capacity, and the claims against Defendant Clark are brought in both her individual and official capacities. A claim against a governmental official in his or her official capacity is, in effect, asserted against the governmental employer. Hafer v. Melo, 502 U.S. 21, 25 (1991). As the complaint names Shelby County as an additional defendant, the claims against Defendants Wharton and Clark in their official capacities are DISMISSED as redundant. The Clerk is directed to terminate Defendant Wharton as a party to this action, as he has not been sued in his official capacity.

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Therefore, the Court DISMISSES the Title VII claim against Defendant Clark, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(2), for lack of subject-matter jurisdiction.

Within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff two (2) blank, unsigned summonses for service on Defendants. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summonses and presenting

them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendants.

Plaintiff is responsible for ensuring that service is effected on Defendants pursuant to the Federal Rules of Civil Procedure.[1] Service shall be made on Shelby County pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(7). Service shall be made on Defendant Clark pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. The service on Defendants shall include a copy of this order. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant or on any unrepresented defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

3

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 31st day of July, 2008.

**S/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE